IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DAVID HARRIS, )
)
      Plaintiff, )
)
vs. ) NO. CIV-10-0941-HE
)
ITT EDUCATIONAL SERVICES, INC., )
a/k/a ITT/EDI or ITT Technical Institute )
)
      Defendant. )

# ORDER

Plaintiff David Harris filed this suit against his former employer, ITT Educational Services, Inc. ("ITT"), asserting ITT wrongfully discriminated and retaliated against him in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma public policy.[1] ITT has moved for summary judgment as to all claims. Harris has also moved for summary judgment as to various affirmative defenses asserted by defendant. Both motions are fully briefed and at issue.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Viewing the evidence and any reasonable inferences that might be drawn from it in the light most favorable to the nonmoving party, Swackhammer v. Sprint/United Mgmt. Co., 493 F.3d 1160, 1167 (10th Cir. 2007), the court concludes both

---

[1] The Oklahoma Supreme Court created an exception to its general rule of at-will employment in Burk v. K-Mart Corp., 770 P.2d 24 (1989), recognizing a cause of action for wrongful discharge in violation of public policy. Clinton v. State ex rel. Logan County Election Bd., 29 P.3d 543, 545 (Okla. 2001). The claim is now referred to as a "Burk tort." Wilburn Mid-South Health Dev., Inc., 343 F.3d 1274, 1277 n. 2 (10th Cir. 2003).

motions should be granted in part and denied in part.

## BACKGROUND

It is undisputed that plaintiff was employed by ITT from September 2008 to June 17, 2009. He was the Director for Recruitment at defendant's Oklahoma City campus, which position involved responsibility for the overall success of the recruiting department. This included meeting the department's stated recruiting goals for new students and for hiring new recruiting representatives. The parties' submissions indicate that the recruiting department did not reach its quarterly (December 2008 and March 2009) recruiting goals, although there was apparently some improvement over prior periods.

Beyond that, the parties' versions of the pertinent circumstances and events differ. Defendant maintains the failure to meet the quarterly goals gave it concern as to plaintiff's performance, leading to, among other things, his supervisor (Ms. Lowery) delivering counseling forms identifying deficiencies and needed improvement and eventually to the June 17, 2009, meeting at which plaintiff's employment ended. Plaintiff denies receiving at least one of the counseling forms, suggesting it was prepared after the fact to justify defendant's decision to terminate his employment, and that the real reason for his termination was Lowery's concern with his age (42). The parties also differ in their characterization of the June 17 meeting. Plaintiff says he was terminated by Ms. Lowery, whom he says told him that "times have passed you by." Defendant maintains plaintiff was told he would be given a final written warning unless he resigned, in which case he would receive two weeks pay. Defendant says he then resigned and was assured that defendant would not object to his

2

request for unemployment compensation. In any event, it is clear defendant's employment ended on June 17, 2009. He pursued unemployment compensation without mention of any concern with age as a basis for his termination but, in September 2009, filed an administrative charge with the EEOC asserting age discrimination. The EEOC issued a right-to-sue letter on June 3, 2010, and plaintiff timely filed this lawsuit within ninety days of receipt of that letter.

## DISCUSSION

As noted above, defendant's motion seeks summary judgment as to all claims against it. Plaintiff's motion seeks summary judgment as to several of defendant's affirmative defenses. Because a ruling in favor of defendant on its motion would be dispositive of the case, that motion is addressed first.

### Defendant's Motion for Summary Judgment

Plaintiff alleges defendant terminated him on the basis of his age in violation of the ADEA and Oklahoma public policy. Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Because plaintiff lacks direct evidence of age discrimination, his claim is properly analyzed using the burden-shifting framework outlined in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973). <u>Simmons v. Sykes Enterprises, Inc.</u>, ___ F.3d ___, 2011 WL 2151105, at *3 (10th Cir. June 2, 2011).[2] Under

---

[2]*The Supreme Court's decision in <u>Gross v. FBL Financial Services, Inc.</u>, 129 S. Ct. 2343 (2009), has "created some uncertainty regarding burden-shifting in the ADEA context," but the*

this framework, plaintiff must offer evidence supporting each of the essential elements of his claim. McDonnell Douglas, 411 U.S. at 802. If the plaintiff does so and establishes a prima facie case, the burden shifts to defendant to articulate some legitimate, nondiscriminatory reason for its actions. Id. at 802-803. If the defendant does so, the plaintiff must then produce evidence that the reasons offered are pretextual. Id. at 804. To establish pretext, plaintiff must present evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Proctor v. United Parcel Serv., 502 F.3d 1200, 1209 (10th Cir. 2007) (internal quotation and citation omitted).

In order to make out a prima facie case of age discrimination in a termination context, plaintiff must demonstrate that he (1) is within a protected age group, (2) was doing satisfactory work, (3) was discharged, and (4) was replaced by someone younger. Rivera v. City & County of Denver, 365 F.3d 912, 920 (10th Cir. 2004). Defendant admits plaintiff, age 42, is within the protected age group. It also does not dispute that plaintiff was replaced by a younger person.³ It does dispute whether evidence supports the second and third

---

*Tenth Circuit has concluded the McDonnell Douglas analysis continues to apply to ADEA claims. Jones v. Oklahoma City Public Schools, 617 F.3d 1273, 1278 (10th Cir. 2010).*

   ³*Defendant characterizes the fourth element of the analysis differently, contending that plaintiff must, but did not, produce "some evidence the employer intended to discriminate against him in reaching its decision." However, as plaintiff correctly observes, this formulation of the fourth element is from cases involving reductions-in-force rather than a claimed termination such as is involved here. See Kosak v. Catholic Health Initiatives of Col., 400 Fed.*

4

elements.

The second element merely requires the plaintiff to produce "some evidence of good performance." Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1420 (10th Cir. 1991). According to plaintiff's January 2009 performance evaluation, plaintiff was performing at a satisfactory level. Additionally, plaintiff has offered evidence that others within ITT expressed satisfaction with Harris' performance. *See* Bonesteel Memo of May 20, 2009 [Doc. #66-13 ("His [Plaintiff's] department is performing above what we expected and he may have turned the corner.")]. Plaintiff has met his burden as to the second element.

As to the third element, ITT contends that in the final meeting with plaintiff he was given the opportunity to either receive a final warning or, alternatively, resign with two weeks pay. According to ITT, Harris decided to resign or, at the very least, the parties mutually agreed to end the employment relationship. Therefore, it claims that plaintiff cannot meet the discharge element. Plaintiff has, however, submitted evidence to the contrary. Plaintiff's testimony is that he refused to resign from ITT and was discharged by Ms. Lowery. This evidence is sufficient to meet plaintiff's burden as to element three of the analysis. Plaintiff has made a sufficient showing to establish a prima facie case.

Defendant has articulated a legitimate reason for plaintiff's termination—Harris' failure to meet the department's quarterly recruiting goals[4]—which shifts the burden back

---

*Appx. 363, 366 n. 1 (10th Cir. 2010).*

[4]The Tenth Circuit has described the defendant's burden at this stage as "exceedingly light." Zamora v. Elite Logistics, Inc., 478 F.3d 1160, 1165 (10th Cir. 2007).

to plaintiff to show some evidence of pretext. The court concludes plaintiff has proffered sufficient evidence of pretext to meet his burden at this step of the analysis. He offers his testimony that Ms. Lowery made a number of ageist statements. He says that she told him, at the June 17 meeting, "that times have passed you [Harris] by." He has testified as to other statements allegedly made by Lowery about other employees in the same general time frame, including, with respect to one, that "you can't teach an old dog new tricks" and, as to another, that "this was a new age and the technology might be a little too advanced for her." Such statements fall short of clearly indicating ageist bias or motivation, but may be considered with other evidence in determining if the necessary showing of pretext has been made. Here, plaintiff offers evidence that defendant deviated from its customary procedures as to progressive employee discipline and that he did not receive a counseling memo which defendant now relies on. Viewing the evidence in the light most favorable to plaintiff, there is also a genuine dispute as to whether he was successfully performing his job as Director of Recruiting. Taken together, the evidence is sufficient to show a question as to pretext. Defendant's motion will be denied as to the ADEA discrimination claim.

Defendant also moves for summary judgment as to plaintiff's ADEA retaliation claim. Plaintiff now indicates that he is not asserting such a claim. However, as retaliation was mentioned in the complaint, *see* Doc. #1, which did not clearly delineate the claims being asserted, and as the submissions show no basis for a retaliation claim, defendant's motion will be granted as to any retaliation claim.

Plaintiff also asserts a <u>Burk</u> tort based on the alleged age discrimination by defendant.

6

As the parties acknowledge, a Burk tort in this context largely tracks the substantive requirements of federal law except that Oklahoma applies a different standard as to the element of causation. Oklahoma law requires that a discharged plaintiff show the violated public policy goal to have been a "significant part" of the basis for the discharge, rather than the "but for" cause—the federal standard articulated in Gross. Vasek v. Bd. of County Comm'rs, 186 P.3d 928, 934 (Okla. 2008). As this is a less stringent standard,[5] and as defendant's motion has been denied as to the federal age claim, the motion must also be denied as to plaintiff's state law Burk claim.

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff has moved for summary judgment as to certain affirmative defenses[6] of defendant: failure to mitigate damages, estoppel, waiver, statute of limitations, after-acquired evidence, apportionment, and failure to exhaust internal remedies. He bases the motion on the claimed absence of evidence to support the defenses or at least the absence of timely submitted or supplemented evidence. Defendant responds that it has provided evidence to support the various theories through its designation of experts, recent supplementation of discovery responses or otherwise.

The circumstances do not suggest such delays in defendant's identification of evidence or supplementation of discovery responses as would trigger some sanction-like

---

[5]See *Medlock v. United Parcel Service, Inc.,* 608 F.3d 1185, 1194 n. 7 (10th Cir. 2010).

[6]*Defendant characterizes its defenses as being either "affirmative" ones or "other" ones. The basis for the distinction is not clear.*

7

response. The court therefore addresses the various defenses as a straightforward matter of summary judgment—whether defendant has proffered admissible evidence sufficient to create justiciable issues as to the various defenses.

Applying that approach, the court concludes plaintiff's motion should be granted as to the statute of limitations, waiver and estoppel, and failure to exhaust internal remedies defenses. Plaintiff indicates he is relying only on his alleged wrongful termination as the basis for his damages, and there is no dispute that, with reference to the alleged termination, his EEOC filing and this suit were timely. Defendant indicates the waiver and estoppel defenses are based on the absence of any reference to age discrimination in plaintiff's submissions to the Oklahoma Employment Security Commission. While those statements are likely admissible in this case and may provide for interesting cross-examination of the plaintiff, they do not, in the circumstances existing here, afford a basis for an independent defense on either theory.[7] Defendant's reliance on a failure to exhaust internal remedies, generally referred to as the Faragher/Ellerth defense,[8] is misplaced. The defense is applicable only when an employee suffers no tangible employment action. *See* McInnis v. Fairfield Communities, Inc., 458 F.3d 1129, 1139 (10th Cir. 2006) ("[Defendant] acknowledges that it is not entitled to the Faragher/Ellerth defense because terminating [Plaintiff]'s employment

---

[7]*The evidence defendant relies on—that plaintiff made no reference to age in his OESC filing—is as applicable to plaintiff's case-in-chief as it is to any "defense." Therefore, since defendant has not sought summary judgment in its favor on the basis of the defense, the whole discussion has little practical application to the present circumstances.*

[8]Burlington Indus. v. Ellerth, *524 U.S. 742 (1998) &* Faragher v. City of Boca Raton, *524 U.S. 775 (1998).*

8

constituted a tangible employment action."). That is not the circumstance here.

Plaintiff's motion will be otherwise denied. Defendant's expert submissions are sufficient to show a justiciable issue as to the mitigation of damages defense. The submissions as to the after-acquired evidence defense are similarly sufficient. The court declines to belabor the matter of the "apportionment" defense, as it has considerable doubt there is such a defense. If plaintiff prevails, he will be able to recover damages attributable to his termination. If these damages includes mental anguish, he will recover for whatever anguish flows from the termination. If he suffered mental distress due to difficulties with his wife and son, or from some other cause not related to his termination, then he will not be able to recover for that distress and the jury will be so instructed.

## CONCLUSION

For the reasons stated, defendant's motion for summary judgment [Doc. #60] is **GRANTED** insofar as plaintiff's complaint asserts a claim for retaliation under the ADEA. The motion is otherwise **DENIED**. Plaintiff's motion for summary judgment [Doc. #59] is **GRANTED** as to the defenses based on the statute of limitations, waiver and estoppel, and failure to exhaust internal remedies. The motion is otherwise **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of July, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE