**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAVID HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0941-HE |
| | ) | |
| ITT EDUCATIONAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff brought this suit against defendant ITT Educational Services, Inc., alleging he was terminated because of his age in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma public policy. On September 29, 2011, a jury returned a verdict for defendant and judgment was entered accordingly. *See* Doc. Nos. 134, 141. Defendant filed the present motion seeking attorneys' fees [Doc. #144] from plaintiff in the amount of $251,532.25 on the basis that plaintiff's lawsuit was frivolous and filed or maintained in bad faith.

The American Rule is that, absent a statute, contract, or exception, each party pays its own attorneys' fees. *See* Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 415-416 (1978) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). The ADEA does not authorize attorneys' fees to a prevailing defendant; however, the "bad faith" exception to the American Rule may provide a basis for such an award.[1] *See* Bennet v. Coors

---

[1] *Oklahoma also adheres to the American Rule for allowing recovery of attorneys' fees and recognizes the bad faith exception. See* Barnes v. Okla. Farm Bureau Mut. Ins. Co., *11 P.3d 162, 178-79 (Okla. 2000). Thus, an award of attorneys' fees for plaintiff's public policy claim is*

Brewing Co., 189 F.3d 1221, 1238 (10th Cir. 1999) (noting cases from other circuits which have reached this conclusion); *accord* Taylor v. Hewlett-Packard Co., No. 06-cv-00471-LTB, 2008 WL 205613 at *3 (D. Colo. January 24, 2008) (unpublished order).  This narrow exception allows the defendant to recover attorneys' fees only when the "plaintiff's claim was frivolous, unreasonable, or groundless, or [] the plaintiff continued to litigate after it clearly became so." E.E.O.C. v. PVNF, L.L.C., 487 F.3d 790, 807 (10th Cir. 2007) (citation omitted) (setting out the bad faith exception in the Title VII context).  Here, plaintiff presented evidence sufficient to survive summary judgment and reach the jury.  The court concludes, in the circumstances of this case, that plaintiff's case was not frivolous or in bad faith within the meaning of the above authorities.

Defendant's motion for attorneys' fees [Doc. #144] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*governed by the same standard.*